UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| DAVID ANTHONY MANTEY, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) Nos. | 2:14-CR-25-JRG-MCLC-1 |
| | ) | 2:16-CV-173-JRG |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 31]. Petitioner bases his request for relief on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*]. The United States responded in opposition on August 23, 2016 [Doc. 36]. Petitioner did not reply and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons that follow, Petitioner's § 2255 petition will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

In 2014, Petitioner pled guilty to possessing cocaine base with intent to distribute, in violation of § 841(a)(1), (b)(1)(C), and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Presentence Investigation Report (PSR) ¶¶ 1–3]. Based on two prior New York convictions for second-degree robbery [*Id.* ¶¶ 46, 47], and one Tennessee conviction for selling cocaine [*Id.* ¶ 51], the United States Probation Office deemed Petitioner to be an armed career

criminal subject to the ACCA's fifteen year mandatory minimum [*Id.* ¶ 80]. The probation officer also designated Petitioner a career offender under Section 4B1.1 of the United States Sentencing Guidelines and assigned an advisory Guideline range of 180 to 210 months' incarceration [*Id.* ¶¶ 38, 81]. On October 28, 2014, the Court sentenced Petitioner to 180 months' imprisonment [Docs. 26, 27]. Petitioner did not appeal, meaning his conviction and sentence became final for purposes of § 2255(f)(1) on November 11, 2014. *See Sanchez-Castello v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment becomes final after the fourteen-day period for filing a direct appeal),

Two years later—on June 16, 2016, Petitioner filed the instant petition for relief based on the *Johnson* decision [Doc. 31 (challenging his ACCA and career offender designations)].

## II. PETITION FOR COLLATERAL RELIEF

### A. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

### B. Analysis

The petition contains two grounds for collateral relief: the *Johnson* decision removed New York second-degree robbery from § 924(e)'s definition of "violent felony" and that, without those convictions, Petitioner no longer has sufficient predicates for enhancement; and the *Johnson* decision removed New York second-degree robbery from Section 4B1.2's definition of "crime of violence" and that, without those convictions, he no longer qualifies as a career offender.

1. **Propriety of Armed Career Criminal Designation**

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in the *Johnson* decision. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the

3

remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether an offense qualifies under one of the above provisions, courts must first identify the precise crime of conviction by employing a "categorical approach," looking "only to the statutory definitions—elements—of a prior offense, and not to the particular facts underlying [each individual] conviction[]." *Descamps v. United States*, 133 S. Ct. 2276, 2283, 2285 (2013).

The Court finds that at least three of the prior convictions used to categorize Petitioner as an armed career criminal categorically qualify as predicate offenses independent of the residual clause invalidated by the *Johnson* decision. As such, no award of collateral relief is warranted.

As an initial matter, the *Johnson* decision has no impact on the status of Petitioner's prior Tennessee conviction for selling cocaine as a serious drug offense. *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming the *Johnson* decision "irrelevant" where a defendant's ACCA enhancement stemmed from prior drug offenses); *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that the *Johnson* decision does not affect categorization as an armed career criminal based on serious drug offenses).

Further, Petitioner's second-degree robbery convictions remain predicate offenses under the ACCA's use-of-physical-force clause. *See, e.g.*, *United States v. Bogle*, 522 F. App'x 15, 19 (2nd Cir. 2013) (finding that New York attempted second-degree robbery is categorically a violent felony under the ACCA's use-of-physical-force clause); *United States v. Brown*, 52 F.3d 415, 426 (2nd Cir. 1995) (finding that New York third-degree robbery is categorically a violent felony under the use-of-physical-force clause).[1] The Johnson decision did not influence their categorization.

### 2. Propriety of Career Offender Designation

On March 6, 2016, the Supreme Court held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *7 (U.S. March 6, 2017). As a result, the *Johnson* decision does not provide a basis for vacating, setting aside, or correcting Petitioner's career offender designation under Section 4B1.1.

## III. CONCLUSION

For the reasons discussed, Petitioner's § 2255 petition [Doc. 31] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the

---

[1] The propriety of the foregoing determination is reinforced by the fact that all types of robbery in New York require "forcibly steal[ing] property" by "us[ing] or threaten[ing] the immediate use of physical force upon another." N.Y. Crim. Law § 160.00 (1993). The level of force used or threatened during the commission of these crimes must be sufficient to either "[p]revent or overcome resistance to the taking of the property" or [c]ompel[] the owner of such property or another person to deliver up the property." *Id.*

5

denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
