UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:14-CR-00025-JRG-1 |
| ) | |
| DAVID ANTHONY MANTEY ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [Doc. 45] and motion for appointment of counsel [Doc. 47]. The Government filed a response in opposition [Doc. 49]. Defendant's motions will be denied without prejudice because he has not met the mandatory exhaustion requirement.

Section 3582(c)(1)(A)(i) of Title 18, United States Code authorizes district courts to consider defendant motions for sentence reduction based on "extraordinary and compelling reasons." Before seeking compassionate release from the court, a defendant must first "exhaust the BOP's administrative process" or wait "thirty days after the warden has received the compassionate release request—whichever is earlier." *United States v. Jones*, 980 F.3d 1098, 1105 (6th Cir. 2020). Exhaustion of administrative remedies is a "mandatory condition" for defendant-filed motions for compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). However, because the administrative exhaustion requirement operates as a "claim processing rule," it may be waived or forfeited by the Government. *Id.* at 833–34.

Defendant requests relief under 3582(c)(1)(A)(i), arguing that his liver disease and "ACE

2" enzyme make him particularly vulnerable to COVID-19 [Doc. 48, at 4–5, 7].[1] He also contends that his circumstances are extraordinary and compelling because under *Borden v. United States*, 141 S. Ct. 1817 (2021), he would no longer be sentenced as an armed career criminal [Doc. 52, at 1–6]. According to Defendant, he has requested compassionate release from the warden at his prison three times and received no response [Docs. 48, at 3; Doc 51, at 1–2]. However, he has not provided any documentation of having made those requests. The Government asks that Defendant's motion be dismissed because he has not provided proof of his exhaustion efforts [Doc. 49, at 1, 6].

"Mere assertions of exhaustion are insufficient, as defendants bear the burden of showing they have exhausted administrative remedies." *United States v. Howard*, No. 3:17-cr-163, 2021 U.S. Dist. LEXIS 130802, at *3-4 (S.D. Ohio July 14, 2021); *see also United States v. Wallace*, No. 2:18-cr-102, 2021 U.S. Dist. LEXIS 5946, at *4 (S.D. Ohio Jan. 12, 2021) (exhaustion requirement was not satisfied where "defendant claims that she submitted a request for compassionate release to the warden, [but] . . . produced no documentary evidence to prove that she in fact has exhausted her administrative remedies."). "Thus, given the government's timely objection and lack of documentary evidence, the Court must enforce 18 U.S.C. § 3582's mandatory exhaustion condition." *United States v. Pineda-Cabellero*, No. 5:06-cr-197-JMH-2, 2021 U.S. Dist. LEXIS 132812, at *4 (E.D. Ky. July 15, 2021). Defendant's motion for compassionate release will be dismissed without prejudice.

---

[1] While the Court will not rule on the merits of Defendant's claims here, the Court observes Defendant has refused vaccination against the virus [Doc. 50, at 34, 43] and previously recovered from COVID-19 while remaining largely asymptomatic [*id.*, at 10, 13–14, 16–26, 31, 36–37]. These facts somewhat undermine his claim that he fears serious complications should he contract COVID-19 again.

Defendant's request for appointment of counsel will also be denied. In Standing Order 21-09, the Court appointed the Federal Defender Services of Eastern Tennessee ("FDSET") to represent a defendant who moves for relief under § 3582(c) and the First Step Act. E.D. Tenn. S.O.-21-09 (May 19, 2021), *available at* https://www.tned.uscourts.gov/sites/tned/files/SO-21-09.pdf (last accessed March 7, 2022). Citing a conflict of interest, FDSET has filed a notice in which it informs the Court that it is unable to represent Defendant [Doc. 46]. Defendant asks the Court to appoint him substitute counsel [Doc. 47].

Defendant is not entitled to representation in a post-conviction motion as a matter of right. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). In place of FDSET, the Court could potentially appoint counsel to Defendant under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A *et seq.*, if it finds that the interests of justice so require. *See id.* § 3006A(a)(1)–(2) (authorizing courts to provide financially eligible defendants with representation under certain circumstances or when "the interests of justice so require"). In determining whether the interests of justice require appointment of counsel, the Court "consider[s] several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court." *United States v. Banner*, No. 2:12-CR-093, 2020 WL 4289597, at *4 (E.D. Tenn. July 27, 2020) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

In the vast majority of cases, a request for compassionate release due to COVID-19 is "not beyond the capability of an ordinary *pro se* litigant," and this case is no different. *Banner*, 2020 WL 4289597 at *5. In moving for compassionate release, Defendant has expressed, with clarity, arguments that are straightforward and familiar to the Court. The interests of justice therefore do not weigh in favor of the appointment of counsel.

Thus, Defendant's motion for appointment of counsel [Doc. 47] is **DENIED**, and Defendant's motion for compassionate release [Doc. 45] is **DENIED** without prejudice.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE