UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:14-CR-25 |
| | ) | |
| DAVID ANTHONY MANTEY | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *pro se* Motion for Compassionate Release [Doc. 54] and Supplement [Doc. 56]. The Government opposes Defendant's Motion. [Doc. 57]. For the following reasons, Defendant's Motion [Doc. 54] is **DENIED**.

### I. BACKGROUND

In October 2014, Defendant was sentenced to 180 months of imprisonment after he pled guilty to one count of Possession with the Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1)(A) & 841(b)(1)(C), and one count of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e). [Doc. 27 at 1–2]. Based on two prior New York convictions for second-degree robbery and one Tennessee conviction for selling cocaine, the United States Probation Office deemed Defendant to be an Armed Career Criminal subject to the Armed Career Criminal Act's ("ACCA") fifteen-year mandatory minimum. [Doc. 20, at 9–10]. The Probation Office also designated Defendant a Career Offender under Section 4B1.1 of the United States Sentencing Guidelines and calculated an advisory guidelines range of 180 to 210 months' incarceration. [*Id.* at 8, 15]. Defendant did not appeal, but he later filed a motion to vacate his sentence under 18 U.S.C. § 2255 which was denied. [Docs. 31, 40, 41]. Defendant is presently housed at FCI Beckley, and he is expected to complete his custodial sentence in April 2027. *See*

Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed July 2, 2024).

Defendant's first *pro se* Motion for Compassionate Release [Doc. 48] argued for release due to medical conditions such as liver disease and glaucoma that placed him at higher risk during the COVID-19 pandemic. Defendant's first Motion was denied without prejudice for failure to exhaust his administrative remedies. [Doc. 53]. Now, Defendant's *pro se* Motion for Compassionate Release seeks relief based on four grounds: (1) he has been diagnosed with unspecified liver disease and the beginning stages of glaucoma; (2) his sentence was procedurally unreasonable because the Court incorrectly calculated his base offense level; (3) the Court imposed an "illegal sentence" by erroneously applying the ACCA; and (4) Defendant's prior Tennessee drug conviction is not a "serious drug offense" under United States Sentencing Guidelines Section 4B1.2(A)(i). [Doc. 54, at 5]. The Government opposes Defendant's Motion. [Doc. 57]. This matter is now ripe for review.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Congress enacted one of those exceptions in 18 U.S.C. § 3582(c)(1)(A). Although § 3582(c)(1)(A) begins with the declaration that "[t]he court may not modify a term of imprisonment once it has been imposed," Congress enacted the First Step Act, Pub. L. No. 115-319, 132 Stat. 5194 (2018), which amended § 3582(c)(1)(A) so that courts—for the first time—can consider a defendant's motion for compassionate release once that defendant either exhausts his administrative remedies with the

Bureau of Prisons or waits thirty days after submitting a request to the warden. 18 U.S.C. § 3582(c)(1)(A).

The First Step Act's amendment to § 3582(c)(1)(A) is significant because "[h]istorically, only the Bureau of Prisons . . . could bring compassionate-release motions," and "the BOP rarely exercised this power." *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (citation omitted). As amended by the First Step Act, § 3582(c)(1)(A) now "remov[es] the BOP from its gatekeeping role," *id.* at 519, and allows inmates to file motions for compassionate release on their own behalf:

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant* after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction;[1] or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

---

[1] The subsection is the "compassionate release" provision of 18 U.S.C. § 3582. *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020).

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Distilling this statutory language into its essentials, the Court may—not must—reduce a defendant's sentence under § 3582(c)(1)(A) if, after engaging in "a three-step inquiry," it finds that (1) "extraordinary and compelling reasons warrant [a sentence] reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" justify a reduction. *Elias*, 984 F.3d at 518 (alteration in original) (quoting *United States v. Jones*, 980 F.3d 1098, 1011 (6th Cir. 2020))); *see Jones*, 980 F.3d at 1106 (stating that "the compassionate release decision is discretionary, not mandatory"); *see also Elias*, 984 F.3d at 518 ("If each of those [three] requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." (quoting 18 U.S.C. § 3582(c)(1)(A))). "[D]istrict courts may deny compassionate-release motions when any of the . . . prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519 (citations omitted).

When deciding whether an inmate has identified extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A), district courts, before the First Step Act's enactment in 2018, "ha[d] universally turned to USSG § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. Coker*, No. 3:14-CR-085, 2020 WL 1877800, at *3 (E.D. Tenn. Apr. 15, 2020) (quotation omitted). Application Note 1 to § 1B1.13, at the time, "identifie[d] three specific extraordinary and compelling reasons (tied to the defendant's health, age, or family circumstances) and a fourth catchall," under which the Bureau of Prisons's director had license to grant release for "reason[s] other than" a defendant's health, age, or familial circumstances. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(ii)). But during

4

the pandemic, the Sixth Circuit recognized that the Sentencing Commission had not updated § 1B1.13 in response to the First Step Act's passage—namely the First Step Act's provision allowing inmates to pursue compassionate release on their own behalf—and it held, therefore, that "§ 1B1.13 is not an 'applicable' policy statement." *Jones*, 980 F.3d at 1008.

The Sentencing Commission has now updated § 1B1.13 in response to the First Step Act, *see* USSG Suppl. to app. C, amend. 814, and the updated version of § 1B1.13(a) states:

> (a) In General.—Upon motion of the Director of the Bureau of Prisons *or the defendant* pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

USSG § 1B1.13(a)(1)–(3) (emphasis added). In addition, the Sentencing Commission updated § 1B1.13(b) so that it now includes expanded circumstances that constitute extraordinary and compelling reasons. These circumstances include the Defendant's medical circumstances, age, and family concerns as before, with the addition of circumstances to be considered for abuse victims and defendants serving an "unusually long sentence." With respect to an "unusually long sentence":

> (b) Extraordinary and Compelling Reasons.— Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>     . . . .

> (6) Unusually Long Sentence.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6). "Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." *Id.* § 1B1.13(c).

### III. ANALYSIS

#### a. Exhaustion

The Government concedes that Defendant has now satisfied § 3582(c)(1)(A)'s exhaustion requirement with respect to his medical conditions. [Doc. 57 at 1]. However, the Government argues Defendant has not satisfied the exhaustion requirement with respect to his other bases for compassionate release. [*Id.* at 3]. Although a Court may not grant compassionate release where the exhaustion requirement is not satisfied, it "is free to deny such a motion for any reason that is supported in the record." *United States v. Williams*, 987 F.3d 700, 702 (7th Cir. 2021). As explained below, Defendant has not established the extraordinary and compelling circumstances exist for his release, and so the Court will rule on the merits of his Motion despite Defendant's failure to exhaust administrative remedies with respect to his non-medical grounds for compassionate release.

### b. Extraordinary and Compelling Reasons

Defendant's first ground for compassionate release is based on his medical conditions, namely that he has been diagnosed with unspecified liver disease and the beginning stages of glaucoma. [Doc. 54, at 5]. With respect to any threat COVID-19 poses to Defendant due to his health conditions, the BOP reports that Defendant's correctional facility, FCI Beckley, currently has no active cases of COVID-19. *Inmate COVID-19 Data*, Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited July 8, 2024). To the extent that these numbers might change in the future, "speculation as to whether COVID-19 will spread through Defendant's detention facility . . ., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release." *Unites States v. Shah*, No. 16-20457, 2020 U.S. Dist. LEXIS 73313, at *4–*5 (E.D. Mich. April 22, 2020). Further, "incarceration during the COVID-19 pandemic— when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Defendant therefore has not shown that he "is housed at a correction facility affected or at imminent risk" of being affected by an ongoing disease outbreak or public health emergency. *See* USSG §1B1.13(b)(1)(D).

Outside of potential COVID-19 concerns, Defendant has not shown his medical conditions have been deemed "terminal" in that they are likely to lead to death in the near future, nor that his conditions "substantially diminish" his ability to "provide self-care within the environment of a correctional facility." *See* USSG §1B1.13(b)(1)(A)–(B). Defendant's Motion represents that he does not need help with self-care and does not require durable medical equipment. [Doc. 54-1, at 2]. Finally, Defendant does not argue that any of his medical conditions require long-term or

7

Case 2:14-cr-00025-JRG-MCLC   Document 65   Filed 07/15/24   Page 7 of 12   PageID #: 496

specialized care that is not being provided within the BOP. *See* USSG §1B1.13(b)(1)(C). Defendant's medical conditions do not constitute an extraordinary and compelling reason for his release.

Defendant's remaining grounds for compassionate release are legally incorrect and therefore unpersuasive. Defendant argues that his "prior Tennessee drug conviction [T.C.A. § 39-17-417(A)(2)] is not categorically a 'serious drug offense' under U.S.S.G. Section 4B1.2(A)(1)." [Doc. 54, at 1]. In November 2003, Defendant was convicted of the sale of .5 grams or more of cocaine in Washington County, Tennessee. [Doc. 20, at 10]. This was a predicate offense for Defendant's Career Offender and Armed Career Criminal classifications. [*Id.*]. Contrary to Defendant's assertion, the Sixth Circuit has held that a Tennessee conviction for "delivery of controlled substances" under Tenn. Code. Ann. § 39-17-417(a)(2) is a "serious drug offense" that warrants enhancement under the ACCA. *See United States v. Goldston*, 906 F.3d 390, 394–97 (6th Cir. 2018). Defendant does not contest the application of his other two predicate offenses for purposes of the ACCA, and Defendant's status as an Armed Career Criminal determined his base offense level. [Doc. 20 at 8 ("The offense level for armed career criminal is higher than the offense level for career offender; therefore, an offense level of 33 will be applied.")]. Accordingly, Defendant's base offense level was correctly calculated and the ACCA was correctly applied. Even so, "facts that existed at sentencing cannot . . . be construed as 'extraordinary and compelling reasons' to reduce a final sentence." *United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021). Defendant's Motion has failed to establish extraordinary and compelling reasons for his release.

c. **Section 3553(a) Factors**

Even if Defendant had identified an extraordinary and compelling reason for a sentence reduction, he would not be entitled to a reduction because § 3553(a)'s factors militate against it.

8

*See Ruffin*, 978 F.3d at 1008 ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief." (citations omitted)). The Court considered § 3553(a)'s factors "in some depth at the original sentencing," *United States v. Curry*, 606 F.3d 323, 331 (6th Cir. 2010), so it has no obligation to readdress all of them now, *see* 18 U.S.C. § 3582(c)(1)(A) (requiring district courts to consider § 3553(a)'s factors "to the extent that they are applicable"); *Jones*, 980 F.3d at 1114 (stating that "[d]istrict courts should consider all *relevant* § 3553(a) factors before rendering a compassionate release decision" (emphasis added) (citing *Gall v. United States*, 552 U.S. 38, 49–50 (2007))); *cf. United States v. Jones*, 407 F. App'x 22, 25 (6th Cir. 2011) ("[T]he district court did not abuse its discretion even though it had not expressly considered all of the § 3553(a) factors" because "§ 3582(c)(2) proceedings 'do not constitute a full resentencing of the defendant' and do not require the same procedural formalities as plenary sentencings." (quoting *Curry*, 606 F.3d at 330–31)). "[A]s long as the record *as a whole* demonstrates that the pertinent factors were taken into account," the Court's analysis will be complete and adequate. *Jones*, 980 F.3d at 1114 (quotation omitted).

Under 18 U.S.C. § 3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--

> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

. . .

> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

18 U.S.C. § 3553(a)(1)–(4), (6).

The nature and circumstances of Defendant's offense, his history and characteristics, the need for his sentence to deter criminal conduct and promote respect for the law, and the need for his sentence to protect the public do not weigh in favor of compassionate release in light of the agreed sentence already imposed by the Court in accordance with to Defendant's Rule 11(c)(1)(C) plea agreement. Defendant's criminal history includes robbery, attempted robbery, grand larceny, assault on a correctional officer, and multiple controlled substance offenses. [Doc. 20 at 9–11]. In the instant action, Defendant possessed 23 grams of crack cocaine for distribution and attempted to sell unlawfully possessed firearms. [*Id.* at 5].

Defendant's sentencing guidelines range was 168 to 210 months, with a statutory minimum sentence of fifteen years on Count Two, making Defendant's effective guidelines range 180 to 210 months. [*Id.* at 15]. Defendant entered into a plea agreement pursuant to Rule 11(c)(1)(C) that agreed to a sentence of 180 months of imprisonment. [*Id.*]. Defendant is set to be released in April 2027, approximately 32 months from now. *See Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Jan. 8, 2024). Defendant, therefore, has served approximately 80% of his sentence. However, the Court has already sentenced Defendant at the very bottom of his guidelines range, and Defendant has not shown extraordinary and compelling circumstances that warrant reducing his sentence further. *See* 18 U.S.C. § 3553(a)(2), (4); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit

10

Case 2:14-cr-00025-JRG-MCLC   Document 65   Filed 07/15/24   Page 10 of 12   PageID #: 499

the court to consider the amount of time served in determining whether a sentence modification is appropriate."). The Court determined at sentencing that 180 months of incarceration was sufficient, but not greater than necessary, under the Section 3553(a) factors, and granting compassionate release to Defendant at present would permit him a thirty-two-month windfall. The Court is wary of potentially creating "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" by varying further downward. *Id.* § 3553(a)(6). In light of the foregoing, the Section 3553(a) factors weigh against Defendant's release.

### d. Appointment of Counsel

In Standing Order 19–04, the Court appointed the Federal Defender Services of Eastern Tennessee ("FDSET") to represent a defendant who moves for relief under § 3582(c) and the First Step Act: "FDSET shall file a supplement to defendant's pro se motion without delay," but "[i]f FDSET determines that defendant's motion needs no supplementation, then FDSET shall file a notice stating so." SO 19-04. Citing a conflict of interest, FDSET filed a notice in which it informs the Court that it is unable to represent Defendant. [Doc. 46 at 1].

In place of FDSET, the Court could conceivably appoint counsel to Defendant under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A *et seq.*, though Defendant is not entitled to representation under the CJA as a matter of right. *See id.* § 3006A(a)(1)–(2) (authorizing courts to provide financially eligible defendants with representation under certain circumstances or when "the interests of justice so require"); *cf. Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Johnson v. Avery*, 393 U.S. 483, 488 (1969) (stating that courts are under no requirement "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief" and that the

11

onus to raise "a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system" (citation omitted)).

In determining whether the interests of justice require the Court to channel "precious taxpayer funds" toward Defendant's representation, *United States v. Mosely*, 779 F. Supp. 2d 398, 400 (D. Mass. 2011), the Court "consider[s] several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court." *United States v. Banner*, No. 2:12-CR-093, 2020 WL 4289597, at *4 (E.D. Tenn. July 27, 2020) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993))); *see Chastain v. Williams*, No. 4:20-CV-01036, 2020 WL 5994519, at *3 (N.D. Ohio Oct. 9, 2020) ("A district court does not abuse its discretion by declining to appoint counsel where the issues in the case are straightforward and capable of resolution on the record or the Petitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions." (quotation omitted)). In the vast majority of cases, a request for compassionate release is "not beyond the capability of an ordinary *pro se* litigant," and this case is no different. *Banner*, 2020 WL 4289597 at *5. In his Motion, Defendant has expressed, with clarity, arguments that are straightforward and familiar to the Court. The interests of justice do not weigh in favor of the appointment of counsel.

## IV.     CONCLUSION

For the above stated reasons, Defendant's Motion for Compassionate Release [Doc. 54] is **DENIED**.

So ordered.

ENTER:

s/J. RONNIE GREER  
UNITED STATES DISTRICT JUDGE
